IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) MARCUS CARON HENDERSON, ) ) Defendant. ) | CIVIL ACTION FILE NUMBER 1:11-cv-3156-TCB |

**O R D E R**

This case comes before the Court on Defendant's motion for a more definite statement [2].

**I.  Background**

On March 2, 2011 Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a dispossessory action in the Magistrate Court of Fulton County, Georgia against Defendant Marcus Caron Henderson and all others as tenants at sufferance following a foreclosure sale. On March 14, Henderson removed the case to this Court, arguing that the Court had

subject matter jurisdiction under 28 U.S.C. § 1332. But while Henderson claimed to be domiciled in Texas, he failed to establish that he was not a citizen of Georgia for diversity purposes. Therefore, the case was remanded for lack of subject matter jurisdiction.[1]

In this case, Henderson again seeks to remove Fannie Mae's dispossessory action pursuant to this Court's diversity jurisdiction. This time, he argues that he is a citizen of Alabama for diversity purposes. As proof of his domicile, he has attached to his notice of removal copies of his Alabama driver's license, vehicle registration and conservation license. But as discussed below, regardless of Henderson's citizenship, he has failed to satisfy the amount-in-controversy requirement. Thus, this action must be remanded for lack of subject matter jurisdiction, and Henderson's motion for a more definite statement will be denied as moot.

## II. Discussion

A civil action originally filed in a state court may be removed to a federal district court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). The burden is on the removing party to establish

---

[1] Order, *Fed. Nat'l Mortg. Ass'n v. Henderson*, No. 1:11-cv-789-TCB (N.D. Ga. Mar. 16, 2011), ECF No. 2.

federal subject matter jurisdiction. *Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (quoting *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Corp.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

A federal district court cannot exercise its diversity jurisdiction unless the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). But "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361–62 (N.D. Ga. 2001), *aff'd*, 35 Fed. App'x 858 (11th Cir. 2002). Moreover, "[a]bsent any measurable amount in controversy, the requirements of 28 U.S.C. § 1332 cannot be satisfied." *Id.* at 1362. As a result, this Court lacks subject matter jurisdiction over Fannie Mae's dispossessory action, and the case must be remanded to the Magistrate Court of Fulton County.

III. **Conclusion**

The Clerk is DIRECTED to remand this action to the Magistrate Court of Fulton County, Georgia and to close the case. Defendant's motion for a more definite statement [2] is DENIED as moot.

IT IS SO ORDERED this 9th day of November, 2011.

                            Timothy C. Batten, Sr.
                            United States District Judge