IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) MARCUS CARON HENDERSON, ) ) Defendant. ) | CIVIL ACTION FILE NUMBER 1:11-cv-3156-TCB |

## **ORDER**

Before the Court is Defendant's motion for reconsideration [5] of the Court's order remanding the case to the Magistrate Court of Fulton County.

### I. Background

On March 2, 2011 Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a dispossessory action in the Magistrate Court of Fulton County, Georgia against Defendant Marcus Caron Henderson and all others as tenants at sufferance following a foreclosure sale. On March 14, Henderson filed a notice of removal in this Court, arguing that the Court

had subject matter jurisdiction over Fannie Mae's dispossessory action pursuant to 28 U.S.C. § 1332. But although he claimed to be domiciled in Texas, the Court found that Henderson had failed to establish that he was not a citizen of Georgia for diversity purposes. Therefore, the case was remanded for lack of subject matter jurisdiction.[1]

On September 19, Henderson filed his notice of removal in this case, again seeking to remove Fannie Mae's dispossessory action. This time he argues that he is a citizen of Alabama, and he has submitted evidence of his Alabama domicile. On November 9, however, the Court determined that regardless of his citizenship, Henderson had not satisfied the amount-in-controversy requirement. Thus, the action was again remanded for lack of subject matter jurisdiction. Henderson now challenges that ruling.

## II. Discussion

In finding that the amount-in-controversy requirement was not met, the Court relied on *Novastar Mortgage, Inc. v. Bennett*, in which this Court held that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in

---

[1] Order, *Fed. Nat'l Mortg. Ass'n v. Henderson*, No. 1:11-cv-789-TCB (N.D. Ga. Mar. 16, 2011), ECF No. 2.

controversy." 173 F. Supp. 2d 1358, 1361–62 (N.D. Ga. 2001), *aff'd*, 35 Fed. App'x 858 (11th Cir. 2002). Henderson argues that *Novastar*'s reasoning is flawed and that the amount in controversy should be established by the rental value of the property over an indefinite period of time. The Court finds *Novastar*'s reasoning more convincing, however, and declines to reverse its prior ruling. Therefore, Henderson's motion for reconsideration will be denied.

## III.  Conclusion

Defendant's motion for reconsideration [5] is DENIED.

IT IS SO ORDERED this 29th day of November, 2011.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Timothy C. Batten, Sr.
　　　　　　　　　　　　　　　　United States District Judge